**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| **PAUL JEFFREY JONES, JR**, | : | |
| Defendant. | : | **No. 13-cr-00281** |
| | : | |
| | : | |
| | : | |

**MEMORANDUM**

**Younge, J.**                                                                                           **May 20, 2025**

## I. INTRODUCTION

Currently before this Court is Defendant Paul Jeffrey Jones' *Pro Se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 66).[1] For the reasons set forth in this Memorandum, Defendant's Motion is denied.

## II. FACTUAL BACKGROUND

On March 2, 2015, Defendant Paul Jeffrey Jones was sentenced to an aggregate term of 240 months' incarceration for manufacturing, transporting, receiving, and possessing child pornography. (ECF No. 48). Defendant Jones filed his first *Pro Se* Motion for Compassionate Release in August 2020, (ECF No. 57), which was denied by Judge DuBois on November 11, 2020. (ECF No. 65). On May 9, 2025, Defendant Jones filed the present *Pro Se* Motion for Compassionate Release. (ECF No. 66). In said Motion, Defendant Jones requests a reduction in his sentence because (1) it is unjust that the offenses underlying his conviction make him ineligible to receive time credits towards his sentence; and (2) he has made extensive efforts to rehabilitate.

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

(ECF No. 66). At present, the Government reports that Defendant Jones' minimum release date is June 27, 2030. (ECF No. 69).

### III. LEGAL STANDARD

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act on December 21, 2018, provides, in pertinent part, that a district court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "upon motion of the defendant," a court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that… **extraordinary and compelling** reasons warrant such a reduction."[2] 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The statute does not define the phrase "extraordinary and compelling" in the "threshold question that determines a person's eligibility for compassionate release." *United States v. Rutherford*, 120 F.4th 360, 365 (3d Cir. 2024) (internal citations omitted). Instead, Congress instructed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission outlines the circumstances where "extraordinary and compelling" reasons exists in Section 1B1.13(b). U.S.S.G. § 1B1.13(b).

The defendant "has the burden to prove extraordinary and compelling reasons exist [to warrant compassionate release]." *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020).

---

[2] Prior to a defendant's motion, the statute also requires the defendant to have "fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A). The Government has not contested whether Defendant Jones has satisfied this requirement, so this Court will not address this issue. Furthermore, the Court can deny the motion on other grounds.

## IV. DISCUSSION

First, Defendant Jones' ineligibility for time credits is not an "extraordinary and compelling" reason to order a reduction in his sentence. Pursuant to 18 U.S.C. § 3632, "[a] prisoner… who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credit." 18 U.S.C. § 3632(d)(4)(A). However, "[a] prisoner is ineligible to receive time credits… if the prisoner is serving a sentence for a conviction under" the listed laws in the statute. 18 U.S.C. § 3632(d)(4)(D). These laws include, in pertinent part, Section 2251 and Section 2252. 18 U.S.C. § 3632(d)(4)(D)(xxxix), (xli). Defendant Jones is currently incarcerated on account of his convictions for violating Section 2251 and Section 2252, so he is ineligible to receive time credits. Defendant Jones' ineligibility for time credits was legislated by Congress and shall not be disturbed. *See United States v. Evans*, 333 U.S. 483, 486 (1948) ("In our system, so far at least as concerns the federal powers, defining crimes and fixing penalties are legislative, not judicial, functions."). Further, and important for this analysis, Defendant Jones' ineligibility for time credit does not invoke any provision that the Sentencing Commission outlined as "extraordinary and compelling." U.S.S.G. § 1B1.13(b).

Second, Defendant Jones' "extensive rehabilitation" does not constitute a reason for this Court to grant his motion for compassionate release. In Congress' instructions to the Sentencing Commission to define "extraordinary and compelling," Congress made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Defendant Jones does not provide any other reason that warrants compassionate release alongside his rehabilitation efforts, so he has not demonstrated a "extraordinary and compelling" reason.

## V. CONCLUSION

For the foregoing reasons, Defendant's *Pro Se* Motion for Compassionate Release is denied without prejudice.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**